```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X

UNITED STATES OF AMERICA
                                          S2 05 Cr. 774 (KMW)
     -against-
                                          ORDER
CIRO PERRONE and
STEVE BUSCEMI,

              Defendants.

-------------------------------------X
```

KIMBA M. WOOD, U.S.D.J.:

After a two-month trial, a jury of this District acquitted Defendant Ciro Perrone of obstruction of justice and conspiracy to obstruct justice, but it did not reach a verdict on charges of racketeering, racketeering conspiracy, gambling conspiracy, and loansharking conspiracy.  The jury acquitted Defendant Steve Buscemi of loansharking conspiracy but did not reach a verdict on a charge of racketeering conspiracy.  Perrone and Buscemi now move for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29.[1]  For the following reasons, the motions are denied.

---

[1] Although Perrone purports to move for acquittal on all outstanding charges against him, his brief makes arguments only with respect to the charges of gambling conspiracy and loansharking conspiracy.  Because Perrone does not address the racketeering and racketeering-conspiracy charges in Counts One and Two of the Indictment, his motion is denied as to those charges.

**LEGAL STANDARD**

Rule 29 provides that "the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). A court may grant a Rule 29 motion "only if the evidence that the defendant committed the crime alleged is nonexistent or so meager that no reasonable jury could find guilt beyond a reasonable doubt. The jury verdict must be upheld if <u>any</u> rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." <u>United States v. Guadagna</u>, 183 F.3d 122, 130 (2d Cir. 1999) (emphasis in original) (citation and internal quotation marks omitted). The court may intrude on the jury function of credibility assessment only in "exceptional circumstances," such as "where testimony is patently incredible or defies physical realities." <u>United States v. Ferguson</u>, 246 F.3d 129, 133-34 (2d Cir. 2001) (internal quotation marks omitted).

**DISCUSSION**

**I.   Perrone's Motion**

A.   <u>Venue</u>

Perrone argues that the Government introduced insufficient evidence at trial to establish venue in the Southern District of New York as to the gambling-conspiracy charge in Count Five of

the Indictment and the loansharking-conspiracy charges in Counts Six and Seven.

"[V]enue is proper in a district where (1) the defendant intentionally or knowingly causes an act in furtherance of the charged offense to occur in the district of venue or (2) it is foreseeable that such an act would occur in the district of venue." United States v. Svoboda, 347 F.3d 471, 483 (2d Cir. 2003).  In a conspiracy prosecution, the action of any co-conspirator, not only the defendant, can establish venue; the defendant need not even have been present in the district. United States v. Geibel, 369 F.3d 682, 696 (2d Cir. 2004).  Here, the Government introduced a recording of a phone call to John Yannucci placed by Joe Gorgone in Manhattan (on the loansharking-conspiracy charges) and testimony from John Vitale about bets he placed by phone in Manhattan and about a Manhattan meeting between Perrone and Yannucci (on the gambling-conspiracy charge). A reasonable jury could have interpreted Gorgone's phone call as a request for more time to make a payment on a loan, and, on that basis, could have concluded that the call constituted an act in furtherance of the loansharking conspiracy.  A reasonable jury could also have credited Vitale's testimony about placing bets from Manhattan and about Perrone's meeting in Manhattan.

B.   <u>Loansharking and Extortion Conspiracy</u>

Perrone also argues that the Government did not present enough evidence to support any conviction on the charges in Counts Five, Six, and Seven.  In support of its case, the Government presented testimony from John Vitale, Gene Coizza, Kieran Flynn, and Daniel Paoletti, as well as recordings of phone calls and conversations involving Perrone and other co-conspirators.  Perrone considers this evidence "insufficient," "meager," and "incredulous" [sic] (Perrone Br. 5), but his brief offers nothing more than one potential interpretation of certain parts of the evidence underpinning the Government's case.  His opinion that Joe Gorgone's tone sounded "friendly," for instance, or that the jury should have regarded Vitale as biased, <u>id.</u>, comes nowhere close to proving that <u>no</u> reasonable jury could have arrived at different interpretations from the evidence provided.

**II.  Buscemi's Motion**

A.   <u>Racketeering Conspiracy</u>

Buscemi argues that no reasonable jury could have convicted him of the racketeering-conspiracy charge in Count Two based on the evidence adduced at trial.  As the Court instructed the jury (with Buscemi's consent), to be guilty of racketeering conspiracy Buscemi need not have committed any of the racketeering acts in Count One.  Rather, the jury need only have found that any two

4

conspirators agreed to commit two or more of the charged racketeering acts, and that Buscemi knowingly, willfully, and unlawfully joined the conspiracy.  The Government introduced voluminous evidence, during the two months of trial, of the existence of the conspiracy.  In support of its charge that Buscemi joined the conspiracy, the Government introduced evidence that included a proposed induction list containing the name "Busemi"; a series of recorded conversations, recorded telephone calls, and records of calls between Buscemi and John Yannucci; and a recorded conversation between Buscemi and Angelo Laffey.  A reasonable jury could have credited this evidence as proving beyond a reasonable doubt that Buscemi knowingly, willfully, and unlawfully joined a conspiracy to commit two or more of the racketeering acts described in Count One.

    Buscemi highlights aspects of the Government's evidence that a jury could have regarded as favorable to his defense, such as the misspelling of the name "Busemi" on the induction list or the fact that Buscemi visited Don Peppe's restaurant only infrequently.  He also notes the Government's failure to introduce evidence that he was a "made man" in the Genovese family, paid tribute, or personally made extortionate loans.  However, for purposes of this motion the Court must view the evidence "in the light most favorable to the government, crediting every inference that the jury might have drawn in favor

of the government." United States v. Hernandez, 85 F.3d 1023, 1030 (2d Cir. 1996). Although Buscemi presents one possible interpretation that might lead a jury to entertain a reasonable doubt, "if . . . either of the two results, a reasonable doubt or no reasonable doubt, is fairly possible, [the court] must let the jury decide the matter." United States v. Autuori, 212 F.3d 105, 114 (2d Cir. 2000) (alteration in original) (internal quotation marks omitted). Here, the evidence the Government presented against Buscemi sufficed to permit a resonable jury to find guilt beyond a reasonable doubt.

B.   Dismissal of Buscemi from Count One

Buscemi also argues that the variance between the original Indictment and the final charges submitted to the jury supports his motion for a judgment of acquittal. Buscemi was originally named as a defendant in Count One, the substantive racketeering charge, but the Government elected not to try him on that count. That decision, however, has no bearing on Buscemi's guilt with respect to Count Two, the racketeering-conspiracy charge. A defendant need not be guilty of racketeering to be guilty of racketeering conspiracy. See Salinas v. United States, 522 U.S. 52, 65-66 (1997).

Buscemi's brief is unclear about whether he means to invoke the doctrines of variance and constructive amendment. These

doctrines, however, apply only where the proof at trial is broader than the indictment, not where it is narrower. United States v. Miller, 471 U.S. 130, 136 (1985).

**CONCLUSION**

The motions of Perrone and Buscemi for a judgment of acquittal are DENIED.

SO ORDERED.
Dated:   New York, New York
         January 4, 2007

                                      Kimba M. Wood
                                  United States District Judge